FILED'10 DEC 02 13:13 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GREG CHILDS, an individual,                     Civil No. 10-802-AA
                                                OPINION AND ORDER
          Plaintiff,

     vs.

FARMERS GROUP, INC., a California
Corporation; FARMERS INSURANCE
EXCHANGE INSURANCE COMPANY OF
OREGON, an Oregon Corporation;
JACK CRAEMER, an individual; JARED
HANSEN, an individual; and MICHAEL
KOLLER,

          Defendants.

---

Daniel K. Le Roux
Matthew C. Lackey
Portland Civil Law, LLC
610 SW Broadway, Suite 510
Portland, Oregon 97205
     Attorneys for plaintiff

Carolyn D. Walker
Stoel Rives LLP
900 SW Fifth Avenue, Suite 2600
Portland, Oregon 97204
     Attorney for defendants


Page 1 - OPINION AND ORDER

AIKEN, Chief Judge:

    Defendant filed a motion to dismiss against plaintiff's
Complaint.  Defendant's motion is granted in part and denied in
part.

BACKGROUND

    Plaintiff, Greg Childs, filed this action against his former
employer, Farmers Insurance Exchange ("FIE"), Farmers Group,
Inc., Farmers Insurance Company of Oregon (collectively
"Farmers"), and his former supervisors, Jack Craemer, Jared
Hansen, and Michael Holler.  Plaintiff alleged seven claims
arising out of his termination of employment.  His claims against
Farmers include: 1) failure to pay overtime in violation of the
Fair Labor Standards Act, 29 U.S.C. § 2016(b); 2) failure to pay
back wages and overtime under Or. Rev. Stat. §§ 652.140, 652.150;
3) wage discrimination and retaliation under Or. Rev. Stat. §§
652.355, 653.060; 4) whistleblower discrimination under Or. Rev.
Stat. §§ 659A.885(1), 659A.230; and 5) wrongful discharge.
Plaintiff also alleges two claims against the individually named
defendants Craemer, Hansen, and Koller, alleging: 1) aiding and
abetting discrimination and retaliation under Or. Rev. Stat. §
659A.030(1)(g) based on wage and hour violations and
whistleblower discrimination (Claim Five); and 2) intentional
interference with economic relations ("IIER") (Claim Seven).
Defendants move only to dismiss the claims against the

Page 2 - OPINION AND ORDER

individually named defendants.

## STANDARDS

Under Fed. R. Civ. P. 12(b)(6), once a claim has been stated adequately, it may be supported by "showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). See also, Litchfield v. Spielberg, 736 F.2d 1352, 1357 (9th Cir. 1984), cert. denied, 470 U.S. 1052 (1985). The complaint must allege, however, "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. For the purpose of the motion to dismiss, the complaint is liberally construed in favor of the plaintiffs, and its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983).

## DISCUSSION

Defendants move to dismiss plaintiff's fifth and seventh causes of action. The issues presented to this court are identical to the issues recently before Magistrate Judge Stewart in a case also involving FIE and an allegedly wrongfully terminated plaintiff. See Grosz v. Farmers Ins. Exchange, Civ. No. 10-563-ST (D. Or. Nov. 9, 2010) (Findings and Recommendations). The parties here made identical legal arguments as those considered by Judge Stewart in Grosz. Judge Stewart ultimately recommended dismissal of the aiding and abetting discrimination claim based on wage and hour violations

Page 3 - OPINION AND ORDER

and the IIER claim, but denied the motion as to the aiding and
abetting claim based on whistleblower discrimination. I find no
reason to deviate from Judge Stewart's recommendations
considering her thorough analysis. I also note that the
attorneys for both sides are identical to the attorneys involved
in the dispute before Judge Stewart and have submitted virtually
identical legal memoranda in support of their positions.

**1. Aiding and Abetting Claim Under Or. Rev. Stat. § 659A.030
(Fifth Claim)**

Defendants first move to dismiss plaintiff's claim against
the individually named defendants for aiding and abetting wage
and hour violations and whistleblower discrimination. Or. Rev.
Stat. § 659A.030(1)(g) prohibits "any person, whether an employer
or an employee to aid, abet, incite, compel, or coerce the doing
of any of the acts forbidden under this chapter or attempt to do
so." The statute explicitly prohibits an employer from
discriminating based on "an individual's race, color, religion,
sex, sexual orientation, national origin, marital status or age."
Or. Rev. Stat. § 659A.030.

The parties dispute whether the individually named
defendants' alleged aiding and abetting based on wage and hour
violations and whistleblower discrimination was included in Or.
Rev. Stat. § 659A.030(1)(g). Defendants contend that because
neither basis is included in the specifically enumerated

Page 4 - OPINION AND ORDER

categories of 659A.030, the bases are excluded.

Defendants maintain that the statute only includes claims based on the expressly enumerated categories in 659A.030. Moreover, defendants argue that the aiding and abetting subsection does not apply to other sections of Chapter 659A, like whistleblower discrimination, despite the subsection's explicit language that it applies to "acts forbidden under this chapter." Id. 659A.030 (1)(g).  Defendants also rely on the legislative history to argue that the subsection's language refers to the Chapter as it stood before a 2001 change.  In contrast, plaintiff maintains that the statute includes all claims under Or. Rev. Stat. Chap. 659A, including whistleblower discrimination and wage and hour violations, because the subsection states "under this chapter."  Id.

Judge Stewart found that Or. Rev. Stat. § 659A.030(1)(g) included whistleblower discrimination because it arose under Chapter 659A.  Grosz, at *15.  However, the statute did not include wage and hour violation claims because they arose under Chapters 652 and 653, and merely have a remedy available under Chapter 659A.  Id.  After conducting a thorough statutory analysis, Judge Stewart concluded that "[i]gnoring the express language of ORS 659A.030(1)(g) would create a patchwork mess out of Chapter 659A" requiring courts to conduct a detailed analysis each time an aiding and abetting claim is raised to determine if

Page 5 - OPINION AND ORDER

the "claim applied to the section at issue before 2001."  Id.

Defendants also argue now for the first time in their reply that plaintiff insufficiently plead his whistleblower discrimination claim.  However, as Judge Stewart noted in Grosz, a reply memorandum is an inappropriate place to raise a new motion to dismiss.  Id. at *6, n. 2.  Accordingly, the court will not address that argument.

Therefore, I grant defendants' motion to dismiss the portion of the aiding and abetting claim based on the wage and hour violations, but deny the motion as to the portion of the aiding and abetting claim based on the whistleblower discrimination.

**2. IIER Claim (Seventh Claim)**

Next, defendants move to dismiss plaintiff's claim for IIER. Defendants contend Koller, Craemer, and Hansen cannot be held liable for IIER because plaintiff alleges that they were all acting within the course and scope of their employment during all relevant times.  See McGanty v. Staudenraus, 321 Or. 532, 538, 901 P.2d 841 (1995) (employee cannot be held liable for IIER when he is acting within the scope of his employment).  In response, plaintiff argues that he pled IIER in the alternative, and therefore, the claim should survive.

Parties are allowed to state claims in the alternative. Fed. R. of Civ. Proc. 8(d)(2).  However, plaintiff must allege sufficient facts to state a claim for IIER.  Pleading a claim for

IIER requires a party to prove:

> (1) the existence of a professional or business
> relationship (which could include, e.g., a contract or
> a prospective economic advantage), (2) intentional
> interference with that relationship, (3) by a third
> party, (4) accomplished through improper means or for
> an improper purpose, (5) a causal effect between the
> interference and damage to the economic relationship,
> and (6) damages.

Porter v. OBA, Inc., 180 Or. App. 207, 213, 42 P.3d 931 (2002)

(quoting McGanty, 321 Or. at 535).

The parties dispute only the third element, which is
identical to the dispute considered by Judge Stewart.  Judge
Stewart concluded that the plaintiff in Grosz failed to plead
sufficient facts to establish that the individual defendants were
acting outside the scope of their employment because all of the
allegations related to the individual defendants' supervisory
roles.  Grosz, at *19.  Similarly here, plaintiff argues that
Hansen and Koller refused to pay plaintiff overtime and used an
unauthorized eleven minutes of worked overtime as an excuse to
terminate him.  Nothing in the Complaint alleges that Hansen,
Koller, or Craemer were acting outside the scope of their
authority or that they were not acting for Farmer's benefit.
Because plaintiff has not alleged sufficient facts to support an
IIER claim, defendants' motion to dismiss the seventh claim is
granted.

## CONCLUSION

Defendants' motion to dismiss (doc. 15) is granted in part

Page 7 - OPINION AND ORDER

and denied in part as follows:  defendants' motion to dismiss is
granted as to the portion of plaintiff's Fifth Cause of Action
(Aiding and Abetting) based on wage and hour violations and
plaintiff's Seventh Cause of Action (IIER); the motion is denied
as to the portion of plaintiff's Fifth Cause of Action (Aiding
and Abetting) based on whistleblower discrimination.

IT IS SO ORDERED.

Dated this ___ day of December 2010.


_____
Ann Aiken
United States District Judge


Page 8 - OPINION AND ORDER